IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EUGENIA NEGRON, ) | |
| ) | C.A. No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | TRIAL BY JURY DEMANDED |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

The Plaintiff, Eugenia Negron, (the "Plaintiff"), by and through her undersigned counsel, hereby complains against The United States of America (the "Defendant"), and states:

## JURISDICTION AND VENUE

1. This action arises under the Federal Tort Claim Act, 25 U.S.C. §§ 1346(b), 2671-80.

2. Jurisdiction is founded on 28 U.S.C. §1346(b).

3. Plaintiff has complied with the jurisdictional requirements of 28 U.S.C.§ 2675 in that the United States Department of Health & Human Services ("DHHS") issued a denial of Plaintiff's claims on January 9, 2018 and this action was filed within "six month" thereafter..

4. Venue is proper in this Court pursuant to 28 U.S.C. §1402.

## PARTIES

5. Eugenia Negron is a resident of the State of Delaware.

6. On October 28, 2014, the plaintiff came and was under the dental care of Mary Clare Kubasko, D.M.D., (hereinafter referred to as "Kubasko") and Myochul Kwon, D.M.D., (hereinafter referred to as "Kwon").

7. The defendant, Westside Family Healthcare, Inc., is a corporation organized and existing under the laws of the State of Delaware and provides health care services, including dental services, at various locations in the State of Delaware, including, but not limited to a facility located at 1802 W. 4th Street, Wilmington, DE 19805.

8. At all times relevant to the facts alleged in this Complaint the defendants, Kubasko and Kwon, were acting as employees, agents, of, or, under the direction of Westside Family Healthcare, Inc.

9. Kubasko and Kwon, were at all times relevant, were deemed also employees of the United StatesPublic Health Service and were acting within the scope of their employment at the time of the conduct alleged herein.

10. Westside Family Healthcare, Inc., has been deemed by the Health Resources and Services Administration of the U.S. Department of Health and Human Service to be an employee of the Public Health Service.

## BACKGROUND

11. On October 28, 2014 the plaintiff was under the care of the defendants for the provision of dental services.

12. During the course of procedures the defendants prescribed and provided by injection various medications to the plaintiff into her gums.

13. In the course of injecting medication into the plaintiff the defendants, either jointly or severely, caused local anesthetic injections into her gums.

14. Shortly after such injection plaintiff began to sense tingling in her feet and hands which spread throughout her body.

15. Thereafter plaintiff lost consciousness and suffered a generalized convulsion.

16. The convulsions caused her to bite her tongue and lose control of her bladder.

17. As a result of such events plaintiff was placed under a "code blue" and was seen and treated by unknown doctors, nurses, and medical assistants summoned and/or employed by Westside.

18. The doctors, nurses, and medical assistants came in response to the code blue Referenced in ¶17 were at all times employees, agents, or acting under the direction of the defendant Westside Family Healthcare, Inc.

19. After the plaintiff had suffered a convulsion she lost consciousness.

20. The defendants eventually made a 911 call and the plaintiff was removed from Westside Family Healthcare's premises and transferred by ambulance to St. Francis Hospital.

21. While in the St. Francis emergency room the plaintiff suffered a second generalized convulsion.

22. The plaintiff was then transferred to the Christiana Care health Systems Emergency Department.

23. While under the care of Christiana Care Health Systems the plaintiff was examined by means of a MRI and/or CT scan, and EMG, all of which were both interpreted as normal.

24. The convulsions which occurred both at the premises operated by defendant Westside, and which were also observed at St. Francis Hospital were the result of a venous injection of anesthetic medications.

25. The defendants were jointly or severally negligent in that they failed to properly inject medications into the plaintiffs gums, including, but not limited to failure to aspirate before the injection of the local anesthetic to insure that there would not be an intravascular injection.

26. As a direct and proximate result of the negligence of the defendants the plaintiff experienced actual physical pain and injury as described in ¶¶ 14, 15, 16, 19, 22 and 25.

27. As a further and direct proximate result of the negligence of the defendants the plaintiff has, is suffering from, and in the future will suffer from a major depressive disorder and anxiety disorder, for which she continues to be treated.

28. As an additional direct and proximate result of the negligence of the defendants plaintiff has in the past, is presently, and will in the future incur medical expenses to treat the conditions resulting from the defendants negligence.

29. Upon information and belief plaintiff expects to have a permanent injury which will limit her in performing the normal activities of daily living.

30. As an additional and direct proximate result of the negligence of the defendants the plaintiff has been prevented from pursuing her normal day to day activities, including employment, resulting in financial losses.

31. As a direct and proximate result of negligence of defendants the plaintiff has in the past, is presently, and in the future will incur medical expenses for the treatment of the injuries she suffered from the defendants negligence.

**WHEREFORE**, the plaintiff requests this Court to enter a judgment against defendants, individually, and jointly in such amount that this Court shall deem just appropriate, as well as all costs in this action, including but not limited to court costs incurred by the plaintiff,

expert witness fees, and other costs allowed by statute, as well as pre-judgment and post judgement interests, and such other further relief as this Court deems just and proper.

                                            */s/  Gary W. Aber*
                                            GARY W. ABER (#754)
                                            702 N. King Street, P.O. Box 1675
                                            Wilmington, DE   19899
                                            (302) 472-4900
                                            gaber@gablawde.com
                                            Attorney for Plaintiff

June 1, 2018